RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent from the conclusion that the eleven-acre parcel held in trust by the United States for the benefit of Big Lagoon Ranchería does not constitute “Indian lands” under the Indian Gaming Regulatory Act (IGRA).
For purposes of gaming matters, IGRA defines “Indian lands” as:
(A) all lands within the limits of any Indian reservation; and
(B) any lands title to which is ... held in trust by the United States for the benefit of any Indian tribe or individual
25 U.S.C. § 2703(4) (emphasis added).
Use of the verb “is” in the definition of “Indian lands” embodies context that is important to the resolution of this case. In Guidiville Band of Pomo Indians v. NGV Gaming, 531 F.3d 767, 769 (9th Cir.2008), we were similarly tasked with determining the meaning of “Indian lands” as used in 25 U.S.C. § 81. That statute addresses contracts with Indian tribes and defines “Indian lands” as “lands the title to which is held by the United States in trust for an Indian tribe ...” 25 U.S.C. § 81(a)(1) (emphasis added).
Applying statutory analysis to § 81, we concluded that the “statute’s unequivocal *1046 present tense use of the word ‘is’ does a tremendous amount of the legwork” in discerning the meaning of “Indian lands.” Id. at 774. We determined that use of the present tense in § 81(a) “unambiguously prescribe^]” that the real estate must be held by the United States in trust at the time of the contract. Id. at 775. We noted that Congress’ use of verb tense is significant to the process of statutory construction. See id. at 776. We also observed that Congress’ use of the present tense to define Indian lands unambiguously provided that we look to the present, not the past, to determine if the land is' held in trust. See id. at 770 (“[W]e conclude that the word ‘is’ means just that (in the most basic, present-tense sense of the word) ...”).
We cross-referenced the statute at issue in this case as defining “Indian lands” in like fashion. Id. at 778 (“[S]ee Section 2703(4)(B), defining ‘Indian lands’ in part as ‘any lands title to which is held in trust by the United States ...)’” (emphasis in Guidiville).
I am not persuaded that Carcieri v. Salazar, 555 U.S. 379, 129 S.Ct. 1058, 172 L.Ed.2d 791 (2009), overruled our decision in Guidiville defining “Indian lands.” In Carcieri, the United States Supreme Court interpreted 25 U.S.C. § 479, which defines “Indian” generally under the Indian Reorganization Act. See Carcieri, 555 U.S. at 381-82, 129 S.Ct. 1058. That statute defines “Indian” as including “all persons of Indian descent who are members of any recognized Indian tribe now under Federal jurisdiction ...” 25 U.S.C. § 479. The Supreme Court interpreted the phrase “now under Federal jurisdiction” in the course of resolving a challenge to the Secretary of the Interior’s plan to accept a parcel of land in trust for a particular Indian tribe. Id. at 381-82, 129 S.Ct. 1058. In that context, and following a timely challenge to the Secretary’s decision under the Administrative Procedure Act, the Supreme Court ruled that the Secretary had no authority to take land into trust for a tribe unless that tribe was under federal jurisdiction when the Indian Reorganization Act was enacted in 1934. See id. at 382, 391,129 S.Ct. 1058.
Importantly, Carderi says nothing about a collateral challenge to the legitimacy of a designation of trust property outside the parameters of the Administrative Procedure Act. As we noted in Guidiville, 531 F.3d at 777, 25 U.S.C. § 465, together with its implementing regulations, details an extensive process that precedes the designation of lands as trust property. This process includes “giv[ing] state and local governments the opportunity to object to the tribe’s application ...” In addition, once the final decision is made to designate lands as trust property, any objector may challenge the decision administratively and in the federal courts. Id.; see also Carcieri, 555 U.S. at 385,129 S.Ct. 1058 (noting that objectors sought review under the Administrative Procedure Act of the decision designating lands as trust property).
It is undisputed that until this case, almost eighteen years after the eleven-acre parcel was acquired in trust for Big Lagoon Ranchería, the State of California has not challenged the legality of the trust designation, despite the administrative and judicial avenues available for just that purpose. Surely it cannot be the case that the State of California can launch a collateral attack upon the designation of trust lands years after its administrative and legal remedies have expired. See, e.g., Wind River Mining Corp. v. United States, 946 F.2d 710, 716 (9th Cir.1991) (holding that a challenge under the Administrative Procedure Act must be brought within six years of the contested agency action). Carcieri *1047 certainly does not come anywhere close to such a holding. Indeed, we cannot say how the Supreme Court would have ruled if the challenger in Carden had not filed a timely challenge under the Administrative Procedure Act or had sued under a different statute entirely. For that reason, we must adhere to our ruling in Guidiville. Because Carderi does not directly overrule Guidiville, we cannot rely on Carderi to negate our controlling precedent that directly answers the issue before us. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (en banc). As we have held, “as long as we can apply our prior circuit precedent without running afoul of the intervening authority, we must do so.” Lair v. Bullock, 697 F.3d 1200, 1207 (9th Cir.2012) (citation and internal quotation marks omitted). Even if intervening authority creates “some tension” with our precedent or “cast[s] doubt” on our precedent, we must still adhere to our precedent. Id. Indeed, unless the intervening authority meets the “high standard” of being “clearly inconsistent” with our precedent, we cannot depart from our authority. Id. (citations omitted).
Because Carderi in no wise overruled our prior interpretation of 25 U.S.C. § 2703, purported to address IGRA in any way, or considered an untimely challenge to the designation of trust lands, it is not inconsistent with our precedent, and we are bound by our ruling in Guidiville that Indian lands for the purpose of IGRA includes lands held in trust for a tribe at the time of the gaming contract. See Guidiville, 531 F.3d at 774-75.
In my view, our decision in Guidiville forecloses the State’s challenge to the legality of the trust. I would affirm the district court’s entry of summary judgment in favor of Big Lagoon Ranchería and its denial of the State’s motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.